## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

GUSTAV KINCAID, on behalf of himself )
and all others similarly situated, )
                              )
               Plaintiff, )
                              )          **CIVIL ACTION**
v. )
                              )          **No. 06-2061-CM**
HOME DEPOT U.S.A., INC., )
                              )
               Defendant. )
_____)

## MEMORANDUM AND ORDER

Plaintiff Gustav Kincaid filed this putative class action in the District Court of Johnson County, Kansas, claiming that defendant Home Depot U.S.A., Inc. routinely violated the Kansas Consumer Protection Act, the Kansas Commercial Code, and Kansas common law when it automatically charged customers a ten percent "damage waiver" fee on all equipment and rental agreements without first asking them whether they wanted the waiver and without disclosing that the waiver is optional. On February 21, 2006, defendant filed a notice of removal under 28 U.S.C. § 1332(a). Defendant alleges that this court has diversity jurisdiction over plaintiff's case. Plaintiff filed a timely Motion to Remand (Doc. 6) on March 1, 2006, arguing that the amount in controversy is less than $75,000. The court agrees and therefore remands the case to state court.

A defendant may remove a case filed in state court only if the plaintiff could have filed suit in federal court originally. 28 U.S.C. § 1441(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* § 1447(c). As the party invoking the

federal court's jurisdiction, the defendant carries the burden of demonstrating that the requirements for exercising jurisdiction are present. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) (citation omitted). "Because the courts of the United States are courts of limited jurisdiction, there is a presumption against federal jurisdiction." *Frederick & Warinner v. Lundgren*, 962 F. Supp. 1580, 1582 (D. Kan. 1997) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)). "Doubtful cases must be resolved in favor of remand." *Thurkill v. Menninger Clinic, Inc.*, 72 F. Supp. 2d 1232, 1234 (D. Kan. 1999) (citing *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (further citations omitted)).

   In this case, plaintiff does not dispute that the parties are diverse. Plaintiff does, however, dispute that defendant has established that the amount in controversy is at least $75,000. At issue here is whether the value of the injunctive relief plaintiff seeks in his complaint meets the jurisdictional requirement.

   In his complaint, plaintiff asks the court to: (1) "permanently enjoin Home Depot from continuing to engage in conduct with respect to the Damage Waiver provision contained in its Rental Agreements which is unlawful under the Kansas Consumer Protection Act"; and (2) "declare and adjudge that Home Depot's Damage Waiver violates K.S.A. 84-2a-108." Defendant claims that the monetary impact of this relief would far exceed $75,000. According to defendant, the court should consider the amount it would cost defendant to comply with this injunctive relief – at a minimum, $168,216 – as the value of plaintiff's claim individually. In other words, because it would cost defendant the same to comply with injunctive relief whether awarded to plaintiff individually or whether awarded to a class of plaintiffs, the court should consider the entire amount as a claim by plaintiff in his individual capacity.

   To calculate the amount in controversy the way defendant suggests would effectively attribute the

full cost of injunctive relief to each individual class member, in violation of the nonaggregation rule set forth

in *Zahn v. International Paper Co.*, 414 U.S. 291, 300-02 (1973) and *Snyder v. Harris*, 394 U.S. 332,

335 (1969).  *See Lonnquist v. J.C. Penney Co.*, 421 F.2d 597, 599 (10th Cir. 1970); *Amundson &*

*Assocs. Art Studio, Ltd. v. Nat'l Council on Comp. Ins., Inc.*, 977 F. Supp. 1116, 1124 (D. Kan.

1997).  The court recognizes that defendant disclaims that it is aggregating the value of the injunctive relief.

With all due respect, the court disagrees.  Despite defendant's portrayal of its theory, the effect of what

defendant wants the court to do is aggregation.

When class claims are separate and distinct, the court will not aggregate injunctive relief to meet the

jurisdictional requirement.  *Lonnquist*, 421 F.2d at 599-600 (holding that where class members have

separate and distinct claims for injunctive relief, those claims may not be aggregated to meet the

jurisdictional amount) (citing *Snyder*, 394 U.S. 332 (1969)); *Aetna U.S. Healthcare, Inc. v. Hoechst*

*Aktiengesellschaft*, 54 F. Supp. 2d 1042, 1051-52 (D. Kan. 1999); *Amundson*, 977 F. Supp. at 1125;

*Asten v. S.W. Bell Tel. Co.*, 914 F. Supp. 430, 433-34 (D. Kan. 1996).  Here, the claims of the class

members are not collective in nature.  Members of the putative class base their claims for relief, including

injunctive relief, upon class members' individual payments for defendant's damage waiver fees.  No group

right or interest serves as the basis for class members' requested relief.  *See Amundson*, 977 F. Supp. at

1124 ("To establish a common and undivided interest, defendants must show that the claims of the putative

class members derive from rights which they hold in group status." (citations omitted)).  Members did not

possess rights in common before filing suit, and could have individually brought the claims included in this

case.  *See id.*

Because the claims of putative class members are individual in nature, the court prorates the value

of the injunctive relief sought in this case among plaintiff and the "thousands of consumers" who are putative members of the class.  Using defendant's estimate of its cost ($168,216) and a conservative estimate of one thousand class members, the relevant figure for each plaintiff is $168, which clearly falls short of the jurisdictional requirement.[1]

Plaintiff requests his attorney fees and costs associated with responding to defendant's improper removal.  The court's order remanding an action "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  The decision whether to award costs, however, is discretionary.  *See Martin v. Franklin Capital Corp*., 126 S. Ct. 704, 710 (2005).  The key factor is the propriety of defendant's removal, *see Daleske v. Fairfield Cmties.*, 17 F.3d 321, 324 (10th Cir. 1994) (citation omitted), but a finding of bad faith is not a prerequisite to awarding fees and costs, *id.*  When the removing party has an objectively reasonable basis for removal, the court should not award fees.  *Martin*, 126 S. Ct. at 711.

Although the court finds defendant's basis for removal misplaced, it does not find that the removal was objectively unreasonable, especially in light of the Tenth Circuit case *Justice v. Atchison, Topeka & Santa Fe Railway Co.*, 927 F.2d 503 (10th Cir. 1991).  The court finds that *Justice* is distinguishable from the instant case for the reasons stated in *Amundson*, but also finds that defendant's reliance on the case was not unreasonable.  Plaintiff's request for attorney fees and costs is denied.

Because the court is remanding this case to state court, the court denies without prejudice as moot

---

[1]  Defendant also contends that, in addition to losing revenue, it would incur costs associated with revising its damage waiver policies and procedures, retraining its employees, and reprogramming its computer system.  Defendant's Tool Rental Operations and Merchandising director states that these costs would exceed $75,000.  This evidence is conclusory, vague, and insufficient for this court to base subject matter jurisdiction on.

defendant's Motion to Dismiss (Doc. 11) and plaintiff's Motion to Stay Defendant's Motion to Dismiss Pending Ruling on Plaintiff's Motion for Remand and Motion to Convert Motion to Dismiss to Motion for Summary Judgment and Continue Matter Under FRCP 56(f) (Doc. 25). *See In re Bear River Drainage Dist.*, 267 F.2d 849, 851 (10th Cir. 1959) (holding that district court is without jurisdiction to decide remaining motions once remand is ordered).

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Remand (Doc. 6) is granted. The case is hereby remanded to the District Court of Johnson County, Kansas.

**IT IS FURTHER ORDERED** that defendant's Motion to Dismiss (Doc. 11) and plaintiff's Motion to Stay Defendant's Motion to Dismiss Pending Ruling on Plaintiff's Motion for Remand and Motion to Convert Motion to Dismiss to Motion for Summary Judgment and Continue Matter Under FRCP 56(f) (Doc. 25) are denied without prejudice as moot.

Dated this 18th day of April 2006, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**